## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TOBY WAYNE SNYDER,

    Petitioner,

    v.

STATE OF MARYLAND

    Respondent.

Civil Action No.:  ELH-20-1030

## MEMORANDUM

Petitioner Toby Wayne Snyder has filed a Petition For Writ of Habeas Corpus.  ECF 1 (the "Petition").  The Maryland Attorney General, Respondent, has filed an answer to the Petition, asserting that the claims are not cognizable in habeas corpus and are moot.  ECF 8.  No hearing is required.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

For the reasons that follow, I shall deny the Petition.  And, a certificate of appealability shall not issue.

### I.    Background

Snyder was indicted on August 28, 2015, in the Circuit Court for Washington County, and charged in eleven counts related to the theft of an automobile. ECF 8-1 at 3.  On December 14, 2015, Snyder entered a plea of guilty to one count, unlawful taking of an automobile, and received a sentence of five years' incarceration, with all but three years suspended, followed by two years of probation. ECF 8-1 at 14-16. In exchange for the guilty plea, the State entered a *nolle prosequi* for the ten other counts in the indictment. ECF 8-1 at 14-16.

On November 11, 2017, a petition was filed to revoke Snyder's probation. ECF 8-1 at 10. Snyder failed to appear at the hearing scheduled for March 12, 2018. *Id.* The circuit court issued bench warrants for Snyder's failure to appear and for the probation violation. *Id.* at 9-10. The circuit court also ordered that Snyder be held without bond. *Id.* at 10. The warrants were not served until approximately a year later, on March 14, 2019. *Id.* at 4, 9.  Snyder appeared for a rescheduled probation revocation hearing on May 13, 2019, and admitted to the violation of probation. *Id.* at 7. He was sentenced to two years of incarceration for the violation. *Id.* at 22.

Snyder filed his federal habeas corpus petition on April 7, 2020. ECF 1. He contends that he was being held on separate charges in West Virginia when Washington County issued the warrant and detainer to hold him without bond on March 12, 2018. *Id.* Snyder argues that the detainer constitutes an "arrest," and he is owed jail credits for time served before his transfer to Maryland. Snyder also contends that his federal due process rights were violated because there was more than a year's delay from the issuance of the warrant and detainer on March 12, 2018, and his revocation hearing on May 13, 2019. *Id.* at 2.

After Snyder sought federal habeas corpus relief from this Court, he filed an Emergency Motion to Modify Sentence due to the COVID-19 epidemic with Washington County Circuit Court. ECF 8-1 at 23-26. He also filed a petition for post-conviction relief in the circuit court, seeking permission to belatedly file the Motion to Modify Sentence. *Id.* at 5, 27-28. On May 5, 2020, the circuit court issued an order granting post-conviction relief and permitting Snyder to file his belated Motion to Modify Sentence. *Id.* at 27-28. The circuit court held a hearing on Snyder's Motion to Modify Sentence on May 11, 2020. Snyder was then released from incarceration based on time served. *Id.* at 29.

## II.     Discussion

It is a bedrock principle that Article III of the Constitution confines the federal courts to the adjudication of "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted); *see Carney v. Adams*, ___U.S.___, 141 S.Ct. 493, 498 (2020); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 252 (4th Cir. 2020).   "Indeed, 'no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'"   *Dreher v. Experian Info. Solutions, Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 343 (2016)).

"Article III's restriction of the judicial power to 'Cases' and 'Controversies' is properly understood to mean 'cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process.'" *Uzuegbunam v. Preczewski*,___U.S.___, 141 S.Ct. 792, 798 (2021) (citations omitted). Therefore, during the pendency of a case, an actual controversy must exist.  *See Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Int'l Bhd. of Teamsters, Local Union No. 639 v. Airgas, Inc.*, 885 F.3d 230, 234 (4th Cir. 2019).   In the absence of a case or controversy, "the court's subject matter jurisdiction ceases to exist . . . ." *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015); *see Gardner v. GMAC, Inc.*, 796 F.3d 390, 395 (4th Cir. 2015) (same).

Therefore, "[t]o be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual...events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). A case no longer presents a justiciable controversy

when it is "'impossible for [a] court to grant any effectual relief whatever to the prevailing party.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

A case becomes moot when the issues presented are "'no longer live or the parties lack a legally cognizable interest in the outcome.'" *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (other internal citations omitted); *see also Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 349 (4th Cir. 2017). As the Fourth Circuit has said, "'mootness goes to the heart of the Article III jurisdiction of the courts.'" *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

"'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)); *see also Lewis*, 494 U.S. at 477 (citations omitted). And, as stated, "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League*, 789 F.3d at 482).

It is well settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Although Snyder's subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009). In *Spencer v. Kemna,* 523 U.S. 1, (1998), the Supreme Court held

that a challenge to parole revocation proceedings was moot because, following the petitioner's subsequent unconditional release from prison, his habeas petition no longer presented a case or controversy under Article III, § 2, of the Constitution. *Id.* at 14–16.

There are exceptions to the mootness doctrine, however. *Leonard*, 804 F.2d at 842. Under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* The "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Id.* (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)).

If a habeas petitioner challenges only his sentence or the revocation of his probation or parole, and his sentence expires while the habeas petition is pending, the petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction"—to avoid dismissal on mootness grounds. *See Spencer*, 523 U.S. at 7; *see also Hardy*, 545 F.3d at 283-85 (discussing mootness in revocation context). Notably, Snyder has failed to identify any collateral consequences stemming from the alleged miscalculation of jail credits or the alleged delay in his revocation hearing and his "requisite personal interest" in this litigation has evaporated. *Hardy*, 545 F.3d at 285.

Snyder's claims do not challenge the validity of his conviction or his sentence as it was imposed. Ordering an earlier release date—which is the only relief this Court can grant as to Snyder's jail credit claim—would be of no benefit to Snyder now, because he has already been

released. If release from prison deprives the court of the power to act on the petitioner's claim, the federal habeas corpus petition is moot. *Spencer*, 523 U.S. at 18.

In addition, Snyder's claim about his delayed revocation hearing is also moot. Mandamus, not habeas relief, is the appropriate remedy for delay in a revocation hearing. *See Foreman v. Stewart*, DKC-13-1377, 2014 WL 722300, at \*4 (D. Md. Feb. 25, 2014). As Snyder received a revocation hearing on May 13, 2019, he has received the remedy to which he was otherwise entitled, and this claim is also moot.[1]

The second exception to the general mootness doctrine, met when there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again, is likewise not applicable to this claim. *Leonard*, 804 F.2d at 842. As Snyder has been released from custody, there is no reasonable expectation that he will face the same set of circumstances in the future. *See O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) ("[W]e are ... unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws. We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction....").

---

[1] Alternatively, Respondent argues that Snyder's "jail credit" claim is not cognizable in habeas corpus. ECF 8 at 5-7. The Fourth Circuit has recognized that a jail credit claim may involve a federal constitutional claim. *See Sumrall v. Simms*, 230 F.3d 1354 (4th Cir. 2000) (Inmates may have a protectable liberty interest in credits against their sentences, if the state statute creating those credits is mandatory rather than permissive.). Md. Code, Crim. Proc. § 6-218, cited by Snyder as the statute providing his right to jail credits (ECF 1 at 1), uses mandatory language. The Court declines to reach the merits of Snyder's jail credit claim.

Snyder's Petition is now moot, and neither exception to the general mootness doctrine applies. Snyder has already received the only relief that this Court could grant when the Washington County Circuit Court ordered his release based on time served.

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "'(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Snyder has not demonstrated that a certificate of appealability is warranted.  Therefore, I decline to issue one.  However, Snyder may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV.    Conclusion

For the foregoing reasons, the court will deny Snyder's petition for writ of habeas corpus. The court also declines to issue a COA.  A separate Order follows.

_____January 3, 2023_____                          _____/s/_____
Date                                                                      Ellen L. Hollander
                                                                              United States District Judge